MARK R. S. FOSTER (SBN 223682)
Mark.Foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

ALEXANDER C. DRYLEWSKI (*pro hac vice admission pending*)
Alexander.Drylewski@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:    (917) 777-2129

*Attorneys for Defendants*
*OKCoin USA Inc., Aux Cayes FinTech Co. Ltd., and*
*OKC Holdings Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ALISTER WATT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OKCOIN USA INC., et al.,<br><br>Defendants | Case No.: 4:25-cv-00368-JSW<br><br>**ALEXANDER C. DRYLEWSKI'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Jeffrey S. White<br>Complaint Filed: January 10, 2025 |

**INTRODUCTION**

I respectfully submit this response to the Court's Order to Show Cause, dated February 7, 2025 ("OSC"), in connection with my application for *pro hac vice* admission in this action (ECF No. 16).

I was engaged to serve as co-counsel to Defendants OKCoin USA Inc., Aux Cayes FinTech Co. Ltd. and OKC Holdings Corporation ("Defendants") in this matter along with my partner and co-counsel, Mark Foster, who is a member of the State Bar of California, as well as other colleagues at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"). I very much respect the Court's discretion on this issue, and appreciate that the Court does not take lightly its responsibility to grant or deny the privilege of *pro hac vice* admission. For the reasons set forth below, my application meets the standards for approval under Local Rule 11-3, including because I am not "regularly engaged in the practice of law in the State of California." Civil L.R. 11-3(c)(2). Accordingly, I respectfully request that the Court grant my *pro hac vice* application.

**BACKGROUND**

I am a New York-based attorney. I was born and raised in Buffalo, New York, attended college in New York State, and received my law degree from Brooklyn Law School. Following law school graduation, I served as a law clerk to the Honorable Edward R. Korman of the Eastern District of New York, also located in Brooklyn. I then joined Skadden's New York office in 2010, and was admitted to the New York State Bar the same year. I have remained at Skadden's New York office for my entire legal career. I have been an active member of the Historical Society of New York Courts since 2015 and a board member since 2022. I have never resided in California.

In this putative class action, Plaintiff seeks to represent individuals and entities who had their cryptocurrency allegedly stolen by unidentified third-party criminals from accounts held at unidentified third-party cryptocurrency exchanges and traced in part to a platform operated by certain Defendants. (*See generally*, Complaint (ECF No. 1).) My practice specializes in two areas implicated by this action: (1) class action litigation defense, and (2) technology-related disputes, particularly those involving digital assets, cryptocurrencies and blockchain technology. I am co-head of Skadden's Web3 and Digital Assets Group, and I am grateful to have been recognized for my work in the digital asset space.[1]

---

[1] *See, e.g.*, https://chambers.com/lawyer/alexander-drylewski-fintech-49:25373419; https://www.law360.com/articles/1721553/mvp-skadden-s-alexander-c-drylewski.

Due to my experience in this area, I have been fortunate to represent clients from around the country in complex matters concerning digital assets and blockchain technology. Such matters are currently pending in the Southern District of New York, Eastern District of New York, Eastern District of Pennsylvania, Southern District of Florida, Northern District of Texas, Eastern District of Louisiana, and Northern and Central Districts of California. Overall, the majority of my appearances occur in federal and state courts in New York (which, since 2020, include approximately 25 appearances).

As the Court indicated in the OSC, I have been admitted *pro hac vice* in five actions in this Court since June 2020:

- *Johnson v. Maker Ecosystem Growth Holdings, Inc. et al.*, No. 3:20-cv-02569-MMC;
- *Houghton et al. v. Leshner et al.*, No. 3:22-cv-07781-WHO;
- *Rabitte v. Sequoia Capital Operations, LLC et al.*, No. 3:23-cv-00655-JSC;
- *Samuels v. Lido DAO et al.*, No. 3:23-cv-06492-VC; and
- *Aceves et al. v. Coinbase Global, Inc. et al.*, No. 3:24-cv-02663-MMC.

Since 2020, I have also been admitted *pro hac vice* in one action in the Central District of California:

- *Adonis Real et al. v. Yuga Labs, Inc. et al.*, No. 2:22-cv-08909-FMO-BFM.

Much like the instant matter, all six actions listed above are class action litigations that involve digital assets and blockchain-related issues. Of these six actions, two were transferred out of California prior to any other substantive proceedings (*Aceves* to the Southern District of New York, and *Rabitte* to the Southern District of Florida) and one was successfully settled (*Johnson*). Accordingly, only three actions remain pending in California: *Houghton*, *Samuels* and *Real*. Two of those remaining actions involve the same client and raise similar claims (*Houghton* and *Samuels*).

Because of my subject matter expertise, I was engaged on these cases as co-counsel to my California-based partners, Mark Foster (SBN 223682) and Peter Morrison (SBN 230148). As out-of-state counsel, I regularly channel my work through Mr. Foster and Mr. Morrison and frequently defer to their judgment, particularly on issues related to California law and procedure. In two of these cases (*Samuels* and *Johnson*), I signed certain filings, such as stipulations, case management statements and status reports, ADR certifications, and one answer, but my California-barred colleagues (not I) were the signatories on the briefs in those actions, as well as the signatories on all submissions in the balance of

the matters listed above. In *Samuels*, I appeared for two in-person court hearings, and I presented oral argument at one of those hearings. Otherwise, I have not physically attended any court proceedings in any of the other California cases listed above, nor have I presented oral argument, physically or virtually, in any of those cases.[2]

**ARGUMENT**

    **A.**    **Legal Standard**

A nonresident attorney may apply to appear *pro hac vice* by complying with the application requirements in Local Rule 11-3(a). Under Local Rule 11-3(c), an attorney applying *pro hac vice* in a particular case in the Northern District of California is not eligible to practice if: (1) the attorney resides in California; or (2) is regularly engaged in the practice of law in California. *See* Civil L.R. 11-3(c).

The Court maintains discretion to interpret and apply Local Rule 11-3. The Ninth Circuit gives guidance that, "[a]t minimum, a court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." *In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) (citations omitted).

    **B.**    **The Application Satisfies Local Rule 11-3**

I respectfully submit that my *pro hac vice* application meets all of the requisites of Local Rule 11-3 and neither of the exclusionary conditions set forth in Local Rule 11-3(c) apply here. I have never resided in California. Civil L.R. 11-3(c)(1). I also do not "regularly engage[] in the practice of law in the State of California." Civil L.R. 11-3(c)(2).

To determine whether an attorney is "regularly engaged in the practice of law," the Court considers factors such as "whether the attorney physically appeared in cases, was responsible for meeting or communicating with clients, was the sole or primary counsel, was having contact with opposing counsel, was signing papers filed with the court, or otherwise arguing cases." *Sabol v. PayPal Holdings, Inc.*, No. 23-cv-05100-JSW, 2023 WL 8634798, at *1 (N.D. Cal. Dec. 13, 2023) (quoting *Wang v. Future Motion, Inc.*, 646 F. Supp. 3d 1147, 1149 (N.D. Cal. 2022)).

The Ninth Circuit has held that an out-of-state attorney's conduct does not rise to the level of an appearance before the district court where the attorney:

---

[2] I attended virtual hearings in *Johnson* and *Houghton* but did not present argument at those hearings.

> never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case.

*Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009); *see also Ang v. Bimbo Bakeries USA, Inc.*, No. 13–cv–01196–WHO, 2015 WL 1474866, at *3 (N.D. Cal. Jan. 14, 2015).

In *Ang*, this Court held that a nonresident attorney had not engaged in the regular practice of law in California even though he appeared or sought to appear in California twelve times in the preceding three years (an average of once a quarter). *Ang*, 2015 WL 1474866, at *2. The Court explained, "it is not clear that [the nonresident attorney] has 'appeared' in California court in the past three years, much less that he has regularly engaged in the practice of law in this state." *Id*. at *3. The Court emphasized that the applicant had "always filtered [his] work in any case filed in California through an in-state attorney," "ha[d] not signed briefs or argued cases," and had never "physically appeared in person" in court in California. *Id.* at *2-3 (first alteration in original).

Following *Ang*, this Court has denied *pro hac vice* applications where nonresident attorneys have appeared more frequently than in *Ang* <u>and</u> their conduct rose to the level of appearances. For example, in *Sabol*, the Court denied the *pro hac vice* application of a nonresident attorney who had appeared in 277 cases in this District and had signed motions and other filings. *Sabol*, 2023 WL 8634798 at *1-2; *see also Wang v. Future Motion, Inc.*, 646 F. Supp. 3d 1147 (N.D. Cal. 2022) (denying *pro hac vice* application of same applicant). And in *Nalan v. Access Finance, Inc.*, No. 5:20-cv-02785-EJD, 2020 WL 12863495 (N.D. Cal. Oct. 23, 2020), the Court denied *pro hac vice* admission where an applicant had appeared 28 times in two years and "was often the counsel who signed documents filed with the court and who made appearances on behalf of his clients in case management conferences." *Id.* at *3.

I respectfully submit that applying these standards to my *pro hac vice* application demonstrates that I am not regularly engaged in the practice of law in California. I have been granted *pro hac vice* status in six actions in California since June 2020 (an average of just over once a year), two of which were transferred out of California prior to any other substantive proceedings and one of which was resolved. This is far fewer than the 12 appearances in three years by the attorney in *Ang*, whose

application the Court approved, and the 28 and 277 appearances in *Nalan* and *Sabol*, respectively.

Moreover, my level of involvement in most of these actions would not constitute an appearance under the framework set forth in *Ang* and relied upon in subsequent cases. I have signed certain submissions in just two of the actions, none of which were briefs. And although I presented oral argument in one instance in one of the actions, I have not done so in any of the others. Like the applicant in *Ang*, I filter my work through my California-barred colleagues and have not physically appeared in court in California beyond the one matter noted. Indeed, I have been engaged by clients in this action and those listed above due to my relevant expertise in the specific subject matter of these cases—namely, class action litigation involving digital assets and blockchain technology. Therefore, approving my *pro hac vice* application will promote the orderly administration of justice. *See In re United States*, 791 F.3d at 957 ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." (citations omitted)).

\* \* \*

I recognize that *pro hac vice* approval is a privilege. In all of the cases for which I am engaged, I strive to represent my clients ethically, responsibly, and with the utmost respect for the rules and standards of the courts in which I appear. I would do so here if given that privilege.

## CONCLUSION

For the foregoing reasons, I respectfully request that the Court grant my *pro hac vice* application.

DATED: February 20, 2025

Respectfully submitted,

_____
Alexander C. Drylewski