MARK R. S. FOSTER (SBN 223682)
Mark.Foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone:   (650) 470-4500
Facsimile:   (650) 470-4570

ALEXANDER C. DRYLEWSKI (*pro hac vice*)
Alexander.Drylewski@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:   (212) 735-3000
Facsimile:   (917) 777-2129

*Attorneys for Defendants*
*OKCoin USA Inc., Aux Cayes FinTech Co. Ltd.,*
*and OKC Holdings Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| ALISTER WATT and JAMES SUPPLES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>OKCOIN USA INC., et al.,<br><br>Defendants. | Case No.: 4:25-cv-00368-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   July 18, 2025<br>Time:   9:00 a.m.<br>Courtroom:   5<br>Judge:   Hon. Jeffrey S. White<br><br>Amended Complaint Filed: April 3, 2025 |

**[PROPOSED] ORDER**

Defendants OKCoin USA Inc. ("OKCoin USA"), Aux Cayes FinTech Co. Ltd. ("Aux Cayes"), and OKC Holdings Corporation ("OKC Holdings," and together with OKCoin USA and Aux Cayes, "Defendants") filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (the "Motion"). The Court, having fully reviewed and considered all papers and arguments submitted in support of and opposition to the Motion, finds that the Amended Complaint fails to state a claim upon which relief can be granted as to all counts and that the Court lacks personal jurisdiction over OKC Holdings and Aux Cayes. *See* Fed. R. Civ. P. 12(b)(2), (6).

*First,* Plaintiffs have failed to state a RICO claim under 18 U.S.C. § 1962(c) and (d). Specifically, Plaintiffs have failed to plead that Defendants' alleged conduct was the but-for and proximate cause of their injuries. *See Oki Semiconductor Co. v. Wells Fargo Bank, National Association*, 298 F.3d 768, 773-74 (9th Cir. 2002); *Scoggins v. HSBC Bank USA*, 2015 WL 12670410, at *3 (C.D. Cal. Oct. 8, 2015); *Licht v. Binance Holdings*, 2025 WL 625303, at *38-41 (D. Mass. Feb. 5, 2025), *report and recommendation adopted*, 2025 WL 624025 (D. Mass. Feb. 26, 2025). Plaintiffs have also failed to plead domestic injury as required by § 1964(c). *See RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 346 (2016); *Licht*, 2025 WL 625303, at *41-42. In addition, Plaintiffs have failed to plead a RICO conspiracy claim under § 1962(d) because they have failed to plead a substantive RICO violation and have failed to plead an agreement to commit a substantive RICO violation or to commit or participate in two predicate offenses. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010); *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

*Second*, Plaintiffs have failed to state a conversion claim because they have not alleged that any Defendant "acted intentionally to wrongfully dispose of the property of another." *Duke v. Superior Ct.*, 18 Cal. App. 5th 490, 508 (2017); *Archer v. Coinbase Inc.*, 53 Cal. App. 5th 266, 276 (2020).

*Third*, Plaintiffs have failed to state an aiding and abetting conversion claim because they have not alleged that any Defendant had actual knowledge of the hackers' theft or money laundering.

1

*See Hurtado Lucero v. IRA Servs., Inc.*, 2020 WL 553941 (N.D. Cal. Feb. 3, 2020); *S&S Worldwide, Inc. v. Wells Fargo Bank*, 509 F. Supp. 3d 1154, 1165 (N.D. Cal. 2020); *Simi Mgmt. Corp. v. Bank of Am. Corp.*, 2012 WL 259865, at *4 (N.D. Cal. Jan. 27, 2012).

*Finally*, Plaintiffs' claims against Defendants OKC Holdings and Aux Cayes fail for the additional reason that this Court lacks personal jurisdiction over them. The RICO statute's nationwide service of process provision in 18 U.S.C. § 1965(b) does not provide a basis for personal jurisdiction over foreign RICO defendants. *See Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1182-84 (C.D. Cal. 1998). Moreover, Plaintiffs have failed to establish that the Court has general or specific jurisdiction over OKC Holdings and Aux Cayes. Specifically, OKC Holdings' use of third-party servers in California does not create a basis for specific jurisdiction. *See Hungerstation LLC v. Fast Choice LLC,* 2020 WL 137160 (N.D. Cal. Jan. 13, 2020). Plaintiffs have also failed to establish personal jurisdiction over OKC Holdings based on its control over OKCoin USA. *See Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1004-05 (N.D. Cal. 2020). And Plaintiffs have otherwise failed to set forth specific facts that would support jurisdiction over OKC Holdings or Aux Cayes. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012).

Because these deficiencies cannot be corrected unless Plaintiffs fundamentally change their factual allegations, any further amendment would be futile and dismissal with prejudice is appropriate. *See Oki Semiconductor*, 298 F.3d at 777-78; *Scoggins*, 2015 WL 12670410, at *3.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint is **GRANTED**, and the Amended Class Action Complaint is dismissed in its entirety with prejudice.

Dated: _____

                                                  Honorable Jeffrey S. White
                                                  United States District Judge